UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C22-1146-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1978.[1] Plaintiff has a college education and previously worked as a consultant, business owner, director, and football player. AR 38, 68–69. Plaintiff filed an application for Disability Insurance Benefits (DIB) on June 5, 2019, alleging disability

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

beginning December 1, 2013. AR 15. The application was denied at the initial level and on reconsideration. On April 28, 2021, the ALJ held a telephone hearing and took testimony from Plaintiff and a vocational expert (VE). AR 28–72. On May 27, 2021, the ALJ issued a decision finding Plaintiff not disabled for the period between the alleged onset date and December 31, 2017, the date last insured. AR 15–23. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 6, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date through his date last insured of December 31, 2017. AR 17.

At step two, the ALJ found that Plaintiff has the following medically determinable impairments: Hashimoto thyroiditis; hypothyroidism; chronic traumatic encephalopathy; headaches; residual effects of concussions; residual effects of injuries; spine disorders; foot disorder, status post surgery; and joint disorders, status post surgeries. AR 17. However, the ALJ found that Plaintiff's impairments did not rise to the level of severe, either alone or in combination, through the date last insured. AR 18. Because the ALJ found Plaintiff not disabled at step two, the ALJ did not reach steps three through five of the sequential analysis.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly considered the medical evidence when finding that Plaintiff had no severe impairments prior to the expiration of his date last insured; and (2) whether the ALJ properly considered Plaintiff's subjective allegations. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Evidence**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 404.1520c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at § 404.1520c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A.  <u>Chronic brain concussions; back, shoulder, and elbow injuries</u>

Plaintiff argues that the ALJ failed to fully consider all the relevant medical evidence documenting the severity of Plaintiff's impairments, including multiple concussions and numerous injuries to Plaintiff's back, shoulder, and elbow. Dkt. 8, at 4. Plaintiff identifies treatment records with Dr. Edward La Cava, M.D., between March 2016 and April 2017 and argues that these records show that Plaintiff experienced ongoing short-term memory difficulties, constant pain in his right hand, wrist, elbow, and shoulder, mood swings, and fatigue. *Id.* at 4. Dr. La Cava diagnosed Plaintiff with hypothyroidism, history of concussions and chronic traumatic encephalopathy, hyperlipoproteinemia, and right thyroid nodule. *Id.*; *see* AR 405, 408, 417. The ALJ considered Dr. La Cava's treatment records and determined that the records showed that Plaintiff "had an intact neurological exam without focal motor deficits" and a largely negative 14-point review of systems; was able to engage in physical fitness, exercise, and "strenuous" farming activities; was managing a successful active wear clothing company; and attributed his mood swings to having two young children who "put a lot of demands on his time and sleep cycle." AR 20–23 (citing AR 402, 404, 421–23). The ALJ reasonably found that the medical evidence did not show that Plaintiff's impairments had more than a minimal effect on Plaintiff's ability to work. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" (quoting Social Security Ruling (SSR) 85-28)). Plaintiff fails to identify error in the ALJ's evaluation of this evidence, and the ALJ's evaluation of these medical records has the support of substantial evidence. Therefore, Plaintiff has not shown that the ALJ erred in considering Plaintiff's treatment records with Dr. La Cava.

Plaintiff argues that the ALJ improperly discounted medical evidence dated after Plaintiff's

date last insured. Dkt. 8, at 5–6. Plaintiff identifies medical records from September 2018, October 2018, and March 2019 describing Plaintiff's treatment for musculoskeletal pain, including pain in the cervical and low back; left knee, hip, and foot; and right shoulder, elbow, thumb, and wrist. *Id.*; *see* AR 588–96, 601–02. The ALJ rejected this evidence because it "postdate[s] the date last insured and does not necessarily reflect the claimant's functioning during the relevant period." AR 20. "[R]eports containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Here, the records from September 2018, October 2018, and March 2019 describe pain symptoms that Plaintiff reported were chronic, had been present for many years from football injuries, and have stayed the same and worsened. AR 587, 590, 593. Because this evidence is relevant to the alleged disability period, the ALJ erred by rejecting the evidence because it postdated Plaintiff's date last insured.

However, the ALJ's error was harmless in this case because the ALJ gave other valid reasons for rejecting the September 2018, October 2018, and March 2018 evidence. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination"). The ALJ found that the September 2018 record also indicated that Plaintiff had full range of motion of the right shoulder and right wrist and ambulated with normal gait, that the October 2018 record indicated that Plaintiff "had pain-free range of motion of the hips, knees, and ankles and had a grossly intact lumbar spine sensory examination," and that the March 2019 MRI of Plaintiff's left hip indicated "mild chronic appearing tendinopathy" and grade two chondral wear. AR 20. The ALJ thus provided other valid reasons for finding that the medical evidence failed to show that Plaintiff was significantly limited in her ability to perform basic work activities. *See* 20 C.F.R. § 404.1522(a) (an impairment or combination of impairments is "not severe if it does not significantly limit [the

ORDER
PAGE - 5

claimant's] physical or mental ability to do basic work activities"). Therefore, the ALJ's error was harmless because the ALJ provided other valid reasons for finding that the September 2018, October 2018, and March 2018 medical evidence did not show Plaintiff's impairments met the severity requirement at step two.

B. <u>Hashimoto hypothyroid</u>

Plaintiff argues that the ALJ "either overlooked or misinterpreted" the opinion of Dr. Gordon Hale, M.D., who found Plaintiff's thyroid dysfunction to be a severe impairment and assessed environmental limitations. Dkt. 8, at 8. The ALJ found Dr. Hale's opinion to be unpersuasive. AR 22. The ALJ found that the doctor's explanation, which indicated that Plaintiff was asymptomatic, that Plaintiff's thyroid function was assessed as normal, and that Plaintiff's physical exams have been grossly intact without focal motor deficits, did not support the doctor's assessment of environmental limitations. AR 22 (citing AR 85). Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). Plaintiff argues that the ALJ failed to explain how Dr. Hale's explanation, which involved physical functioning, related to Dr. Hale's assessment of environmental limitations. Dkt. 8, at 8–9. Because Dr. Hale relied on evidence of Plaintiff's physical exams and thyroid function to support his opinion, the ALJ properly found the doctor's explanation inconsistent with the doctor's assessment of environmental limitations. Therefore, the ALJ thus properly evaluated the persuasiveness of Dr. Hale's opinion according to the regulatory factors, and the ALJ's determination has the support of substantial evidence.

Plaintiff argues that the ALJ also erred by rejecting the opinion of Dr. J.D. Fitterer. M.D., who found Plaintiff's thyroid dysfunction to be severe but indicated that the record was insufficient

ORDER
PAGE - 6

to evaluate the claim. Dkt. 8, at 8. Plaintiff argues that the ALJ is required to resolve this inconsistency on remand. *Id.* Plaintiff identifies no authority to support the notion that an ALJ must resolve an inconsistency within a physician's opinion. To the contrary, an ALJ may reject a physician's statement that is internally inconsistent. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (an ALJ properly rejects a physician's opinion that contradicts or is inconsistent with the doctor's own notes or observations). Here, the ALJ found Dr. Fitterer's opinion unpersuasive and inconsistent with the evidence, including evidence that Plaintiff was able to perform physical fitness and exercise and that Plaintiff "retained functional abilities during the relevant period." AR 21. An ALJ may reject a medical opinion that is inconsistent with the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Therefore, the ALJ provided valid reasons for rejecting Dr. Fitterer's opinion, and Plaintiff has not shown that the ALJ erred in finding the doctor's opinion to be unpersuasive.

### C. Chronic headaches

Plaintiff argues that the ALJ improperly found Plaintiff's headaches[2] to be non-severe based on evidence that, during the hearing, Plaintiff reported experiencing a headache yet was able to answer questions and proceed with the hearing. Dkt. 8, at 9 (citing AR 21). Plaintiff argues that the ALJ "does not have the expertise to evaluate what clinical findings are necessary to corroborate Plaintiff's claims." *Id.* There is no indication that the ALJ improperly made an independent medical assessment of Plaintiff's impairments—indeed, the ALJ found that Plaintiff's headache impairment was medically determinable. AR 17. Further, an ALJ does not err by basing his decision in part on the ALJ's observations of the claimant during the hearing. *See Morgan v.*

---

[2] Plaintiff refers to Plaintiff's headaches as "migraines," however, the evidence indicates that Plaintiff alleges experiencing "headaches." *See* AR 211, 243, 293.

*Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Therefore, Plaintiff has not shown that the ALJ improperly considered the ALJ's own observations of Plaintiff's ability to proceed with the hearing despite experiencing a headache when evaluating the severity of Plaintiff's headache impairment.

Plaintiff further argues that the ALJ failed to fully consider the evidence relating to Plaintiff's headaches. Dkt. 8, at 9–10. Plaintiff refers to a headache questionnaire, completed by Plaintiff, describing that his headaches were frequent and recurrent, brought on by lack of sleep or pain in the back, shoulders, and neck, and made it difficult for him to maintain focus, function, or tolerate exposure to noise and light. Dkt. 8, at 10 (citing AR 574–81). In addition to Plaintiff's ability to proceed with the hearing, the ALJ found that Plaintiff's activities "suggest that he retained functional abilities," including evidence of Plaintiff's ability to drive, exercise, care for himself and his kids, take phone calls, attend aquatic therapy, manage a successful clothing company, and farm. AR 21. The ALJ reasonably found that this evidence did not show that Plaintiff's headaches significantly limited his ability to perform basic work activities. Plaintiff's alternative interpretation of the evidence does not deprive the ALJ's equally rational interpretation of substantial evidence. *See Morgan*, 169 F.3d at 599. Therefore, Plaintiff has not shown that the ALJ improperly evaluated the medical evidence relating to Plaintiff's headaches.

### D. Atrial fibrillation

Plaintiff argues that the ALJ failed to consider the medical evidence relating to Plaintiff's atrial fibrillation. Dkt. 8, at 10. Plaintiff refers to evidence from February 2019 indicating that Plaintiff was seen in the emergency room for heart palpitations with symptoms of chest tightness, lightheadedness, and feelings of near syncope. *Id.* (citing AR 635–51). The ALJ noted that this evidence "postdates the claimant's date last insured and does not necessarily reflect the claimant's

functioning during the relevant period." AR 21. The records from February 2019 expressly state that Plaintiff had "[n]o prior similar symptoms" and no history of heart attack, heart failure, or stroke. AR 638. Further, Plaintiff has not alleged a severe cardiac or heart impairment. *See* AR 211–18, 243. Therefore, there is no evidence indicating that Plaintiff's atrial fibrillation in February 2019 is relevant to the alleged disability period or Plaintiff's claims for disability. *See, c.f.*, *Smith*, 849 F.2d at 1225. Plaintiff has not shown that the ALJ improperly evaluated the evidence relating to Plaintiff's atrial fabulation.

**2. Subjective Testimony**

The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[3] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen*, 80 F.3d at 1286. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that he cannot work because he has arthritis and ligament damage in his hands, and right elbow and shoulder impairments that make it difficult for him to type and use a mouse for the computer. AR 211. Plaintiff further alleges that his cervical and lumbar spine impairment requires him to frequently reposition and stretch from a seated position and that he

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 9

experiences pain from sitting for more than a few minutes. AR 211. Plaintiff alleges that his right hip impairment requires him to extend his left leg while sitting, that headaches make it difficult for him to focus and concentrate, and that his impairments make it hard for him to retain information and perform physical work. AR 211.

The ALJ found that, after considering the evidence of record, Plaintiff's "medically determinable impairments could have reasonably been expected to produce some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent." AR 19.

Plaintiff argues that, in discussing Plaintiff's allegations, the ALJ improperly "relied on a summary of the medical evidence" and did not "explain the significance of the evidence he was citing nor did he explain what specific allegations might be undermined by this summary." Dkt. 8, at 13. The ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." *Smolen*, 80 F.3d at 1286. Here, the ALJ discussed the medical evidence and determined that the medical record "is consistent with a finding that the claimant retained functional abilities and is consistent with a finding that the claimant's impairments were non-severe through the date last insured of December 31, 2017." AR 19–23. However, nowhere in the ALJ's decision does the ALJ identify what specific testimony the ALJ rejected and what evidence the ALJ found to be inconsistent with that testimony. The Court "cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [a claimant's] pain testimony where, as here, the ALJ never identified which testimony [they] found not credible, and never explained which evidence contradicted that testimony." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Therefore, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

The ALJ's error in this case was not harmless. Because the ALJ failed to provide reviewable reasons for rejecting Plaintiff's symptom testimony, the Court "cannot discern the agency's path" and cannot "meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.* (internal citations and quotation marks omitted). Although, as discussed above, Plaintiff has not shown that the ALJ erred in considering the objective medical evidence relating to Plaintiff's impairments, the ALJ must consider a claimant's symptoms when determining severity. 20 C.F.R. § 404.1529(d)(1). Here, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptoms testimony and failed to consider Plaintiff's testimony when assessing the severity of Plaintiff's impairments at step two. Therefore, the Court must reverse the matter for further administrative proceedings so that the ALJ may properly evaluate the Plaintiff's symptom testimony when determining whether Plaintiff has a severe medically determinable impairment at step two.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 31st day of March, 2023.

MARY ALICE THEILER
United States Magistrate Judge